UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| THOMAS ZANGARI | : |
| | : |
| v. | : C.A. No. 18-00695-WES |
| | : |
| UNITED STATES POSTAL SERVICE | : |
| | : |

# REPORT AND RECOMMENDATION

Lincoln D. Almond, United States Magistrate Judge

Pending before me for a report and recommendation (28 U.S.C. 636(b)(1)(B)) is Defendant's Motion to Dismiss Plaintiff's Complaint for lack of subject matter jurisdiction. (ECF Doc. No. 7). Plaintiff has not filed any opposition to the Motion. Accordingly, for that reason and the substantive reasons outlined in Defendant's Motion, I recommend that Defendant's Motion to Dismiss be GRANTED.

**Discussion**

Pro se Plaintiff commenced this action against the United States Postal Service ("USPS") on November 27, 2018 in the State of Rhode Island, Newport County Superior Court. In his Complaint, Plaintiff alleges that certified mail he sent on November 19, 2018 had reached the intended recipient, but that he is seeking damages for "poor service" that gave rise to a "security issue" and a "tort." (ECF Doc. No. 1-1 at p. 5). Defendant removed the action to this Court on December 27, 2018. (ECF Doc. No. 1).

Defendant now moves to dismiss the Complaint under Fed. R. Civ. P. 12(b)(1) on the grounds that the Court lacks subject matter jurisdiction over Plaintiff's action. It argues that the Court lacks subject matter jurisdiction because (1) the action is barred by the postal-matter

exception to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2680(b), which preserves sovereign immunity for claims arising out of the loss, miscarriage or negligent transmission of letters or postal matter; and (2) Plaintiff has failed to exhaust his administrative remedies.

Pursuant to Rule 12(b)(1) of the Fed. R. Civ. P., a defendant may move to dismiss an action based on lack of federal subject matter jurisdiction. To survive a Rule 12(b)(1) motion, the party invoking jurisdiction of a federal court carries the burden of proving that the court has subject matter jurisdiction over the case. Johansen v. United States, 506 F.3d 65, 68 (1st Cir. 2007) (citations omitted). In ruling on a motion under Rule 12(b)(1), the Court may consider extrinsic materials submitted by the parties, without converting the motion to one for summary judgment. Gonzalez v. United States, 284 F.3d 281, 288 (1st Cir. 2002); Miller v. George Arpin & Sons, Inc., 949 F. Supp. 961, 966 n.8 (D.R.I 1997) ("A court may consider affidavits, deposition testimony, and other extra-pleading material to determine whether subject matter jurisdiction exists.").

Since Plaintiff has failed to file an opposition, Defendant's Motion to Dismiss is unopposed and could be granted solely on that basis. However, out of deference to Plaintiff's pro se status, I have independently reviewed Defendant's substantive arguments and find them to be well supported.

First, Plaintiff's Complaint about "poor service" must be dismissed because the United States has not waived sovereign immunity for such claims against the Postal Service. While the FTCA is a waiver of sovereign immunity, it is a limited waiver subject to certain exceptions which, if applicable, strip the Court of subject matter jurisdiction. See Carroll v. United States, 661 F.3d 87, 93 (1st Cir. 2011). Applicable here is the "postal matter exception," which explicitly retains sovereign immunity with regards to "any claim arising out of the loss, miscarriage, or negligent transmission of letters or postal matter." 28 U.S.C. § 2680(b). This exception preserves the

Government's sovereign immunity in instances where government actors are alleged to have mishandled, misdelivered or misdirected mail and covers consequential injuries that result from such conduct. Levasseur v. U.S. Postal Serv., 543 F.3d 23, 23-24 (1st Cir. 2008).

In this case, Plaintiff seeks damages for the Postal Service's alleged failure to initially deliver his certified mail to the correct address and failure to obtain the recipient's signature. (ECF Doc. No. 1-1). The language of the Complaint itself reveals that Plaintiff is pursing a tort action against the Postal Service, which would fall within the purview of the FTCA, 28 U.S.C. §§ 1346(b), 2671-2680. See ECF Doc. No. 1-1. ("The postal service…that has delivered the mail…has…create[ed] a security issue and a tort….") (emphasis added). Furthermore, the United States Supreme Court explicitly held that the postal-matter exception preserves immunity for "injuries arising, directly or consequentially, because mail either…arrives late, in damaged condition, or at the wrong address." Dolan v. U.S. Postal Serv., 546 U.S. 481, 489 (2006) (emphasis added). Thus, the Postal Service cannot be held liable as to Plaintiff's claim that stems from the allegation that his certified mail was delivered to the wrong address, and such claim must be dismissed for lack of subject matter jurisdiction. See Madsen v. U.S. Postal Serv. Mission Station, 953 F.2d 1387 (9th Cir. 1992) (affirming dismissal of action on grounds of sovereign immunity where plaintiff alleged that Postal Service failed to note delivery date on a certified mail receipt and failed to obtain signatures from mail addressee and postal agent for certified mail receipt); Anderson v. U.S. Postal Serv., 761 F.2d 527, 528 (9th Cir. 1985) (per curiam) (affirming dismissal of plaintiff's claim for stolen certified letter which Postal Service allegedly left without obtaining recipient's signature); McKeeman v. U.S. Postal Serv., No. 10-cv-1466, 2010 WL 3487238 (D.D.C. Aug. 30, 2010) (holding that court lacked subject matter jurisdiction over plaintiff's claim where she alleged to have not received her certified mail receipts).

Second, Plaintiff has failed to exhaust his administrative remedies prior to filing suit as required by the FTCA. Plaintiff filed this lawsuit within two weeks after he allegedly mailed the mishandled package. He has not presented any administrative claim to the Postal Service. (ECF Doc. No. 7-1).

A plaintiff seeking to sue the United States under the FTCA must first file an administrative claim and exhaust administrative remedies. 28 U.S.C. § 2675(a); see also McNeil v. United States, 508 U.S. 106, 113 (1993) ("The FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies."). "[E]xhaustion of plaintiff['s] administrative remedies is a jurisdictional prerequisite to the prosecution of [his] FTCA claims." Redondo-Borges v. U.S. Dep't of Hous. & Urban Dev., 421 F.3d 1, 7 (1st Cir. 2005) (quoting Cotto v. United States, 993 F.2d 274, 280 (1st Cir. 1993)). The requirement of administrative exhaustion "serves the twin purposes of protecting administrative agency authority and promoting judicial efficiency." Anversa v. Partners Heathcare Sys. Inc., 835 F.3d 167, 175 (1st Cir. 2016) (quotation omitted).

Here, Plaintiff's Complaint must also be dismissed because he has neither initiated nor exhausted his administrative claim remedies before filing this lawsuit. See, e.g., Ly v. U.S. Postal Serv., 775 F. Supp. 2d 9, 11 (D.D.C. 2011) (dismissing breach of contract claim against Postal Service based on lost international mail for plaintiff's failure to exhaust available administrative remedies); Snow v. U.S. Postal Serv., 778 F. Supp. 2d 102, 108 (D. Me. 2011) ("[T]he administrative exhaustion requirement outlined in [28 U.S.C.] § 2675 is applicable to non-tort claims against the USPS…."); McBride v. U.S. Postal Serv., No. 07-cv-0446, 2007 WL 1965337, at *2, *2 n.1 (E.D.N.Y. Jun. 29, 2007) (dismissing contract claim seeking damages for missing packages for failure to exhaust all administrative remedies before commencing a lawsuit in district court); Esseily v. U.S. Postal Serv., No. 03-cv-71231, 2003 WL 21817984, at *1 (E.D. Mich. Jul.

3, 2003) (dismissing contract claim against Postal Service for failure to exhaust administrative remedies where plaintiff alleged mis-delivery of items she sent by certified mail).

**Conclusion**

For the foregoing reasons, I recommend that Defendant's unopposed Motion to Dismiss (ECF Doc. No. 7) be GRANTED.

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within fourteen days of its receipt. See Fed. R. Civ. P. 72(b); LR Cv 72. Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision. See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).


  /s/   Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
April 15, 2019